IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA ANNE OWENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-268-E |
| | ) |
| LELAND DUDEK,[1] | ) |
| *Acting Commissioner of Social Security,* | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 30th day of April, 2025, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and her claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. §§ 1381 *et seq.,* finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported

---

[1]   Leland Dudek is substituted as the defendant in this matter, pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).   The Clerk is directed to amend the docket to reflect this change.

1

by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]     Plaintiff contends that remand is required because the ALJ acted improperly in crafting her residual functional capacity ("RFC") as there are no medical opinions in the record from any treating or examining medical sources and the ALJ failed to adequately explain how he crafted Plaintiff's mental RFC. (Doc. No. 7 at 12-14). Additionally, Plaintiff argues that the record was insufficient as it was missing her mental health treatment records. (*Id.* at 14-15). Upon consideration, the Court disagrees with Plaintiff and finds the ALJ's decision is supported by substantial evidence.

The Court finds no error in the ALJ's action in crafting Plaintiff's RFC without treating or examining medical opinions within the record. Plaintiff contends that "[r]arely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." (Doc. No. 7 at 12) (citing, *inter alia*, *Doak v. Heckler*, 790 F.2d 26 (3d Cir. 1986)). The Court disagrees with Plaintiff. This Court has previously explained that *Doak* "does not, as Plaintiff suggests, hold that an ALJ's RFC findings must be based on a particular medical opinion . . ." *Mangyik v. Dudek*, No. 23-148-J, 2025 WL 714116, at *1 n.2 (W.D. Pa. Mar. 5, 2025) (quoting *Doty v. Colvin,* No. CIV.A. 13–80–J, 2014 WL 29036, at *1 n.1 (W.D. Pa. Jan. 2, 2014)). Rather, in *Doak,* "[t]he Third Circuit did nothing more than make a substantial evidence finding in light of a limited record . . . and subsequent Third Circuit case law confirms this understanding." *Doty*, 2014 WL 29036, at *1 n.1; *see also Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006) (stating "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC."). Indeed, "[s]urveying the medical evidence to craft an RFC is part of the ALJ's duties." *Titterington*, 174 Fed. Appx. at 11. Accordingly, it was not inherent error for the ALJ to craft an RFC without a treating or examining medical source opinion.

Likewise, Plaintiff's reliance on *Dellaquila v. Comm'r of Soc. Sec.*, No. 21-584, 2022 WL 4236621, at *4 (W.D. Pa. Sept. 14, 2022) is unpersuasive. In *Dellaquila*, the court remanded because the ALJ insufficiently explained how he crafted the plaintiff's RFC after rejecting the only opinion as to plaintiff's mental functioning capacity. *Id.* This combination left the Court with no other choice but to remand for further discussion. *Id.* Here, however, the ALJ adequately explained how he determined Plaintiff's mental RFC limitations and found the initial state agency psychological consultant's opinion as to Plaintiff's mental impairments somewhat persuasive. (R. 24). After reviewing all the evidence, the ALJ determined Plaintiff had the following mental RFC:

2

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform . . . jobs that have only simple tasks, decisions, and instructions, meaning work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time, usually no more than 30 days; and she is limited to jobs that are not performed in a production-rate environment, such as an assembly line.

(R. 20).   The ALJ based these limitations on all the evidence, which he surveyed throughout his decision, his finding that Plaintiff had the severe impairment of a mood disorder at Step Two of the sequential process, and on his analysis of Plaintiff's mental functioning under the "paragraph B criteria" at Step Three of the sequential process.   (R. 18-24).

The ALJ explained that the record showed that Plaintiff was on medication for depression and anxiety from her primary care provider and that there was no evidence in the record that she had any mental health treatment during the relevant period.   (R. 23). The ALJ also acknowledged that Plaintiff was diagnosed with major depressive disorder, that she sometimes reported improvement on medication and other times reported no relief from medication, and that her medication was changed several times during the relevant period.   (*Id.*).   Her doctor reported that her depression and anxiety were stable and controlled.   (*Id.* (citing Ex. C2F/69-73)).   The ALJ noted that he weighed this evidence most favorably to Plaintiff and included appropriate limitations into the RFC.   (R. 23-24). He also stated that the RFC "assessment adopted in this decision contains sufficient restrictions to adequately account for any limitations that could reasonably be expected to arise as a result of claimant's impairments."   (R. 24).

Additionally, the ALJ evaluated the opinion of the state agency psychological consultants, who found at the initial level that Plaintiff had the nonsevere impairment of anxiety and at the reconsideration level that Plaintiff had the nonsevere impairments of anxiety and depression.   (*Id.*).   The ALJ found these opinions somewhat persuasive and not persuasive, respectively, but noted that "weighing the evidence most favorably to claimant, the undersigned has considered her mental health condition to be severe and added additional limitations based on that."   (R. 24).

Moreover, at Step Three of the sequential process, the ALJ found that Plaintiff had mild limitations in understanding, remembering, and applying information, and in adapting and managing herself; and a moderate limitation in concentration, persisting, or maintaining pace.   (R. 19).   The ALJ assessed these limitations after evaluating Plaintiff's testimony, which showed that Plaintiff has difficulty focusing and concentrating, has issues with anger, has crying episodes, and has difficulties maintaining a schedule, among other things.   (R. 19).   The ALJ also noted that his RFC assessment reflected the degree of limitations he found in this analysis.   (R. 20).

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 6) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 8) is GRANTED.

s/Mark R. Hornak<br>Chief United States District Judge

ecf: Counsel of record

---

The ALJ's findings as to Plaintiff's mental functioning and assessment of the evidence, as a whole, logically led to the ALJ's mental RFC finding. While the ALJ did not precisely articulate how each limitation was found, he articulated that he incorporated mental limitations into Plaintiff's RFC after "[w]eighing the evidence most favorably to claimant" and determining Plaintiff's mood disorder to be "severe[,]" such that "appropriate limitations [were] included in the residual functional capacity assessment." (R. 24); *see Ellinger v. Kijakazi*, No. 22-349-E, 2023 WL 8282057, at *1 n.1 (W.D. Pa. Nov. 30, 2023) (noting the ALJ provided an "accurate and logical bridge" connecting plaintiff's mental limitations to the RFC when stating that he considered past mental history, Plaintiff's testimony, and incorporated several limitations in the RFC after "[c]onsidering the evidence in a way most favorable to the claimant[.]"); *Taylor v. Dudek*, No. 23-2109, 2025 WL 692116, at *1 n.2 (W.D. Pa. Mar. 4, 2025) (affirming where the ALJ explained how he accounted for plaintiff's mental limitations despite rejecting all medical opinions of record). Moreover, he articulated that the RFC reflected the degrees of limitations he found at Step Three of the sequential process. (R. 20). In this regard, the Court takes the ALJ "at his word." *Jones v. Comm'r of Soc. Sec.*, 297 Fed. Appx. 117, 120 (3d Cir. 2008). Accordingly, the Court finds Plaintiff's mental RFC is supported by substantial evidence.

Additionally, the Court rejects Plaintiff's argument that it should remand based on her missing mental health treatment records. (Doc. No. 7 at 14-15). Plaintiff specifically refers to her records from mental health therapy in 2019-21. (*Id.*; R. 77). Plaintiff's argument overlooks that it was her burden to secure medical evidence that could have helped her prove her disability claim. 20 C.F.R. §§ 404.1512, 416.912. Plaintiff was represented at the administrative level and, as such, the ALJ was permitted to assume that she put forth her best case. *See Skinner v. Astrue*, 478 F.3d 836, 842 (7th Cir. 2007). Moreover, this argument is at odds with the fact that the ALJ granted Plaintiff's request to keep her record open post-hearing, but Plaintiff did not take that time to submit these records. (R. 91-92). Accordingly, Plaintiff's argument on this point is without merit.

In sum, the ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.